[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#110)
The defendant, Fidelity Casualty Company of New York, has moved this court to strike the third count of the plaintiff's complaint for the reason that it is legally insufficient. The defendant has also moved that the plaintiff's prayer for relief for punitive damages be stricken. The movant argues that the third count is legally insufficient, because the plaintiff has not alleged sufficient facts to state a claim for breach of implied covenant of good faith and fair dealing.
A review of the complaint discloses allegations by the plaintiff in count three that the defendant refused to pay the plaintiff's medical expenses without conducting a fair and reasonable investigation (¶ 10 (b)); that the defendant failed to pay all of the plaintiff's medical expenses when the defendant had sufficient information within its possession to justify payment (¶ 10(d)); and the defendant failed to CT Page 16497 act in a reasonable manner regarding the adjustment, investigation and payment of the plaintiff's medical expense claim (¶ 10(g)).
The court finds that those allegations are sufficient to support a claim for breach of the covenant of good faith and fair dealing. SeeBrothers v. American Home, Superior Court, judicial district of New Haven at New Haven, Docket No. 364725 (August 25, 1995, Hartmere, J.) (15 Conn.L.Rptr. 4) ("failure to conduct a reasonable investigation based on all the evidence available would raise a question as to whether the defendant acted in good faith"); Candido v. Worcester Insurance Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 343978 (April 18, 1995, Gray, J.) (14 Conn.L.Rptr. 73) ("similar allegations sufficient to support a claim for breach of the covenant of good faith and fair dealing"); and Genovese Enterprises v. Sphere DrakeInsurance PLC, Superior Court, judicial district of Waterbury, Docket No. 128855 (September 9, 1996, Pellegrino, J.) (17 Conn.L.Rptr. 557).
For the foregoing reason, the defendant's motion to strike count three of the plaintiff's complaint is hereby denied.
The defendant has also moved the court to strike the plaintiff's prayer for relief for punitive damages pursuant to count three of the plaintiff's complaint.
"Breach of contract founded on tortious conduct may allow the award of punitive damages. Such tortious conduct must be alleged in terms of wanton and malicious injury. . . ." L. F. Pace Sons, Inc. v. TravelersIndemnity Co., 9 Conn. App. 30, 48 (1986).
"[T]here must be an underlying tort or tortious conduct alleged and proved to allow punitive damages to be granted on a claim for breach of contract, express or implied." (Emphasis added.) Id.
In L. F. Pace Sons, Inc., "the plaintiff alleges therein malicious and wanton misconduct which would justify an award of exemplary or punitive damages in its assertion that `the defendant acted outrageouslyand maliciously toward the plaintiff with wilful disregard [of the] plaintiff's rights. . . .'" (Emphasis added.)
In the instant case, there are no such allegations in the complaint. The plaintiff does allege that the defendant "breached its policy of insurance" (count two) and that the defendant's conduct was a "breach of the implied covenant of good faith and fair dealing. . . ." (Count three.).
Conspicuously absent from the allegations in the complaint are any CT Page 16498 allegations of wanton, malicious or otherwise tortious conduct on the part of the defendant and which might be the basis for an award of punitive damages.
For that reason, the motion to strike the prayer for relief for punitive damages pursuant to count three of the plaintiff's complaint is granted.
Doherty, J.